| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:14-CR-28(17) |
| | § | |
| ALEJANDRO LOPEZ | § | |

## MEMORANDUM AND ORDER

Pending before the court Defendant Alejandro Lopez's ("Lopez") *pro se* Letter Motion (#970), which the court will construe as a motion for appointment of counsel to seek a sentence reduction. The relief sought in the instant motion is not entirely clear; however, Lopez appears to request counsel to file a motion for compassionate release on his behalf to reduce his remaining term of imprisonment to ten years. He further requests that this court allow him to serve the rest of his newly imposed, ten-year sentence on home confinement. Lopez asserts that his case involves the lack of counsel, a valid sentencing hearing video waiver, and jurisdiction, yet these are issues Lopez raised in a motion filed on January 5, 2018, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in Cause No. 4:18-CV-13, which remains pending. He contends that there are "extraordinary and compelling reasons," mentions COVID-19, and states that he suffers from hypertension, anxiety, diabetes, and possibly hepatitis C, and that he cannot maintain social distance.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *see Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 749 (2019); *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991); *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1172 (2018); *In re Sepulvado*, 707 F.3d 550, 554 (5th

Cir.), *cert. denied*, 571 U.S. 952 (2013).  The court, however, may, in the interest of justice, appoint counsel to assist a defendant in the pursuit of post-conviction relief where a defendant has raised nonfrivolous claims with factually and/or legally complex issues.  *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("After [a defendant's first appeal], the decision whether to appoint counsel rests in the discretion of the district court.").

> The exercise of discretion in this area is guided . . . by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*United States v. Molina-Flores*, No. 3:16-CR-130-N (19), 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (quoting *Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012)); *see Scoggins v. MacEachern*, No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986))).

Lopez is not entitled to the appointment of counsel to assist him with seeking compassionate release under 18 U.S.C. § 3582.  *See Finley*, 481 U.S. at 555; *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (declining to recognize constitutional or statutory right to assistance of counsel in bringing § 3582(c)(2) motion for sentence reduction); *United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2,

2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."). Lopez filed a financial affidavit and was represented by appointed counsel when he entered a guilty plea. Immediately after the plea hearing, however, Lopez filed a motion to substitute retained counsel, which was granted by the magistrate judge. Thus, Lopez was represented by retained counsel through sentencing. Although Lopez's retained attorney filed a motion to withdraw approximately one week after the sentencing hearing, the magistrate judge denied the motion, and the retained attorney remains Lopez's counsel of record. In the present motion, Lopez does not indicate that he is indigent and is eligible for appointed counsel. Moreover, Lopez provides no basis for the court to conclude that the appointment of counsel would aid him in obtaining relief. Lopez's conclusory assertions that his case is unique due to the lack of counsel, lack of a valid sentencing hearing video waiver, and lack of jurisdiction are insufficient to show that nonfrivolous claims or factually or legally complex issues exist. Moreover, these issues have no bearing on whether Lopez is entitled to compassionate release. In addition, a motion "for compassionate release is not particularly complex factually or legally." *United States v. Drayton*, No. 10-200018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020); *see United States v. Wilfred*, No. 07-351, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). Thus, the court finds that the discretionary appointment of counsel is not warranted. *See* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require").

    Accordingly, Lopez's *pro se* Letter Motion (#970) is DENIED.

SIGNED at Beaumont, Texas, this 3rd day of September, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE